IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

In re:

DENNIS VON RONNE,

Debtor.

CHAPTER 13 PROCEEDINGS

Case No. 4:20-bk-12016-BMW

**STIPULATED ORDER CONFIRMING FIRST MODIFIED CHAPTER 13 PLAN**

The First Modified Chapter 13 Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the First Modified Plan of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

1) <u>Future Earnings or Income</u>. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1 | $13,791.00 ~~$13,196.00~~ through month 28 |
| 29-60 | $587.00 |

DCK

The payments are due on or before the 29th day of each month commencing November 29, 2020. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts, which may result in a funding shortfall at the end of the Plan term.

Any funding shortfall must be cured before the plan is deemed completed. Within 14 days of filing them, the Debtor will provide a copy of their **federal** and **state** income tax returns for post-petition years within 15 days of filing them to his attorney, who is to provide the

returns to the Trustee through bkdocs.us. The purpose is to assist the Trustee in determining any change in debtor's annual disposable income.

2) *Other Property. If the Debtors receive a tax refund in excess of $1,000, the debtors shall pay such refund directly to the Trustee as supplements to the plan. In the event that other property is submitted, it shall be treated as supplemental payments.* In no event will the term of the Plan be reduced to less than 36 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(B) **DURATION.** This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A) (1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS.** Claims shall be classified and paid as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay creditors in the following order:

1) Administrative expenses:

   Attorney Fees. Thomas McAvity, shall be allowed total compensation of ~~$4,500.00~~ $5250.00. *DCK*
   Counsel received $53.00 prior to filing this case and will be paid $4,447.00 by the Chapter 13 Trustee. Tom McAvity shall be allowed additional compensation of $750.00 for the First Modified Plan and will be paid by the Chapter 13 Trustee.

   Flat Fee. Counsel for the Debtor has agreed to a total sum of $4,500.00 to represent the Debtor.

2) Claims Secured by Real Property:

   a. None.

3) Claims Secured by Personal Property:

   a. Divine Auto, secured by a lien in a 2008 Nissan Altima, shall be paid $5,216.54 with 6.00% interest. The creditor will receive adequate protection payments of $100.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

   b. Heritage Motors, secured by a lien in a 2005 Chevy Avalanche, shall be paid $5,869.85 with 6.00% interest. The creditor shall receive adequate protection payments of $100.00 per month. The balance of the claim shall be classified as an unsecured non-priority claim.

4) Unsecured Priority Claims:

   a. None.

5) Surrendered Property. Upon confirmation of this plan or except as otherwise ordered by the

Court, bankruptcy stays are lifted as to collateral to be surrendered. Such creditor shall receive no distribution until the creditor timely files a claim or an amended proof of claim that reflects any deficiency balance remaining on the claim. Assuming the creditor has an allowed proof of claim, should the creditor fail to file an amended claim consistent with this provision, the Trustee need not make any distributions to that creditor. Debtors surrender the following property:

    a. The Debtors will surrender solar system in which Sunpower Capital has a security interest.

6) <u>Other Provisions</u>: None.

7) <u>Unsecured Non-priority Claims</u>. All other claims shall be classified as general unsecured and non-priority. Such claims shall be paid pro rata the balance of the payments under the Plan and any unsecured debt balance remaining unpaid at the end of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING**. The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation.

**ORDER SIGNED ABOVE**

Approved as to Form and Content by:

_____
Dianne Crandell Kerns, Trustee

_____
Thomas McAvity,
Attorney for Debtor

Page 3 of 4

Case No. 4:20-bk-12016-BMW

The Debtors certify: All required State and Federal income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

_____
DENNIS VON RONNE, Debtor